226 F.2d 290
 Morris G. SULLIVAN, Administrator of the Estates of Edward John Kowals, deceased, and Harry Clayton Bowers, deceased, Appellants,
v.
The GENERAL ELECTRIC COMPANY, Aircraft Propulsion Project Division, General Electric Realty Corporation, Appellees.
 No. 12291.
 United States Court of Appeals Sixth Circuit.
 October 20, 1955.
 
 Walter A. Kelley, Cincinnati, Ohio (Kelley & Sullivan, Cincinnati, Ohio, on the brief), for appellants.
 Leo J. Brumleve, Jr., Cincinnati, Ohio, for appellees.
 Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.
 SIMONS, Chief Judge.
 
 
 1
 On April 2, 1952, while unloading steel beams from a gondola freight car on property of General Electric Company at Evendale, near Cincinnati, Ohio, the decedents were killed by a high voltage electric current, due to contact or proximity between the crane they were using and the wires. Another ironworker by the name of Schwarz was seriously injured. The work was being done by the Duffy Construction Corporation which had been employed by the General Electric Company on construction work at Evendale, under contract with it. The supervision of the construction job for the Electric Company was under the general supervision of the General Electric Realty Corporation, an affiliate or subsidiary of the Electric Company. All three men were employees of Duffy which furnished the crane and other unloading tools. The decedents were covered by Workmen's Compensation, which Duffy paid for, and the administrator has been compensated in the amounts provided by Ohio law for the protection of employees in the event of injury or death.
 
 
 2
 The controlling question is whether Duffy was, in relation to the General Electric Company, an independent contractor or whether the two corporations stood in the relation of master and servant. The evidence is clear that while the supervising corporation indicated the general area in which the steel beams were to be placed, it did not direct Duffy to place them immediately under the charged wires nor did it exercise any control in the use of an electric crane greater in length than the distance between the charged wires and the bottom of the gondola car, although it did warn Duffy repeatedly, both orally and in writing, that the wires were energized, and notices were posted calling attention to the dangerous situation in the area, nor did they seek otherwise to control the manner and mode of the unloading.
 
 
 3
 At the conclusion of all the evidence, the Court directed the jury to return a verdict for the defendants, on the ground that Duffy was an independent contractor and not the servant of the owner. The Realty Corporation had general supervision to the extent that Duffy should perform all of its operations on the premises in accordance with the specifications of the contract. The mere fact that the employer reserves the right to supervise or inspect the work during its performance does not make the contractor a mere servant, where the mode and means of performance are within the control of such contractor. The general principles determining the relationship have recently been discussed by us in Conasauga River Lumber Co. v. Wade, 6 Cir., 221 F.2d 312. Ohio law is in accord. Gillum v. Industrial Commission, 141 Ohio St. 373, 48 N.E.2d 234; Behner v. Industrial Commission, 154 Ohio St. 433, 96 N.E.2d 403; Councell v. Douglas, 163 Ohio St. 292, 126 N.E.2d 597; Law Institute Restatement on Law of Agency, § 220(2). Where the essential facts are not in dispute, the question of the relationship is one of law, Conasauga River Lumber Co. v. Wade, supra.
 
 
 4
 While not controlling upon us, it is of interest to note that in Schwarz v. General Electric Realty Corp., 163 Ohio St. 354, 126 N.E.2d 906, in which Schwarz was denied recovery for injuries received in the same accident, the relation of Duffy to the Electric Company was assumed by the Court and the parties to be that of an independent contractor, since there is no discussion of that issue in the opinion of the Ohio Supreme Court.
 
 
 5
 The judgment below is affirmed.